Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELA RADA,

      Plaintiff,

- against -

MICHAEL CETTA, INC.,
dba SPARKS STEAKHOUSE,

      Defendants.

Case No.:  18 CV 10010

**COMPLAINT in an FLSA ACTION**

ECF Case

---

Plaintiff, Angela Rada ("Plaintiff"), by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendant, Michael Cetta, Inc., *doing business as* Sparks Steakhouse, located at 210 East 46th Street, New York, New York 10017 ("Sparks" or the "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff, Angela Rada, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), that she is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff, Angela Rada further alleges, pursuant to the New York Labor Law, that she is entitled to recover from the Defendants: (1) unpaid wages and minimum

wages; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Queens County, New York.

6. Defendant, Michael Cetta, Inc., is a domestic business corporation organized and existing under the laws of the State of New York, doing business as a steakhouse known as Sparks, with a principal place of business at 210 East 46th Street, New York, New York 10017.

7. At times relevant to this litigation, Defendant was the Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

8. Plaintiff, Angela Rada, was employed by Defendants in New York, New York, to work as a coat room attendant, for Defendants' restaurant known as "Sparks Steakhouse" from November 2017 through September 27, 2018.

9. At times relevant to this litigation, Defendant was the Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

10. At all relevant times, Sparks was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, Angela Rada, was essential to the business operated by Sparks.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Angela Rada lawfully earned wages in contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Angela Rada lawfully earned minimum wages, in contravention of the FLSA and New York Labor Law.

14. Plaintiff, Angela Rada, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

15. In or around November 2017, Plaintiff, Angela Rada, was hired by Defendant to work as a coat room attendant, at Defendants' restaurant known as "Sparks Steakhouse" located at 210 East 46th Street, New York, New York 10017.

16. Plaintiff, Angela Rada, worked for the Defendant November 2017 through May 2018; sporadically in June and July 2018; and throughout the month of September 2018, until she was terminated on or about September 27, 2018.

17. During Plaintiff's employment by Defendants, she generally worked up to six (6) shifts per week. A shift was typically 5:00 p.m. until approximately 10:30 p.m.

18. Plaintiff generally worked three (3) or six (6) shifts per week, approximately five and a half (5 ½) hours per shift. As such, Plaintiff's worked approximately sixteen and a half (16 ½) or thirty-three (33) hours per week.

19. Plaintiff was not allowed to punch in or out.

20. Plaintiff was not paid any wages for her work at Sparks.

21. Plaintiff received no compensation nor did she receive any wage statement indicating her hourly rate or the calculation of her compensation.

22. On one occasion Plaintiff paid the restaurant one hundred fifty dollars ($150.00) for the privilege of working in its coatroom.

23. Defendant knowingly and willfully operated, and continues to operate its business with a policy of not paying wages to the coatroom attendant.

24. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendant failed to maintain accurate and sufficient time records.

25. Neither at the time of hire, nor at any time thereafter, did Defendant provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

26. Plaintiff was never informed by Defendant of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

27. Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing Plaintiff, of

the amount of "tip credit" taken for each payment period; and (iii) failed to pay plaintiff an hourly minimum wage, as required.

28. Plaintiff normally worked fewer than forty (40) hours per week.

35. At no times during her employment did Defendant provide Plaintiff with a wage statement, or any other kind of receipt.

36. Plaintiff was required to sign an agreement or some kind of employment contract; she was not provided a copy.

37. At all times during her employment, Plaintiff was supervised by floor managers on duty, at the restaurant owned and operated by the Defendant.

38. At all times during her employment, Plaintiff's duties and responsibilities were to check the coats of customers who dined at the Defendant-restaurant. When she was out of the room, such as using the bathroom, her duties and responsibilities could be and were handled by the host or manager or any other dining room employee.

39. At all times relevant to the allegations in this Complaint, the defendant, (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

40. Plaintiff has been substantially damaged by the Defendant's wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

41. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

44. Upon information and belief, at all relevant times, Defendant had gross revenues in excess of five hundred thousand dollars ($500,000).

45. Plaintiff was entitled to be paid at the rate of minimum wage for each hour worked.

46. Defendants failed to pay Plaintiff wages for any hours worked, in violation of the FLSA.

47. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for hours worked, illegally not paying wages, and not paying statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure Plaintiff.

48. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

49. Defendants failed to properly disclose or apprise Plaintiff, of her rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

51. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages, an equal amount as liquidated damages, and prejudgment interest thereon.

52. Plaintiff is entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

53. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54. At all relevant times, Plaintiff was employed by Defendant, within the meaning of New York Labor Law §§ 2 and 651.

55. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff, wages for hours worked.

56. At relevant times, Defendants did not provide Plaintiff, with a document or written statement accurately accounting for her actual hours worked, and setting forth her hourly rate of pay, regular wage, and/or overtime wages.

57. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete payroll records.

58. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid wages, plus reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

59. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

61. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

62. Plaintiff was not provided with a wage statement as required by law.

63. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Angela Rada, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages due under the FLSA and New York Labor Law;

(b) Statutory penalties for failing to comply with the notice and record-keeping requirements of the New York State Wage Theft Prevention Act.

(c) An award of liquidated damages as a result of Defendants' pursuant to 29 U.S.C. § 216 and/or the New York Labor Law;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(f) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
October 30, 2018

Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, __Angela Rada__, am an employee currently or formerly employed by __Sparks__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__Oct. 25__, 2018

_Angela Rada._