# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

July 24, 2019

**JOINT LETTER REQUEST TO
APPROVE SETTLEMENT**

**BY ECF**

Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

      Re:    ***Angela Rada v. Michael. Cetta, Inc., dba Sparks Steak House***
               Case No.:   18 Civ. 10010 (VEC)

Dear Judge Caproni,

    We are counsel for the plaintiff in the above-referenced action and submit this letter jointly with defendant Michael Cetta, Inc. d/b/a Sparks Steak House ("Sparks"). In November 2018, the court referred the case for mediation though the SDNY mediation program. We initially met with the assigned mediator, Professor Michael White, Director of Seton Hall School of Law's conflict resolution program. At our initial meeting we did not resolve the case, but we continued to work with the mediator while exchanging discovery and subsequently reached a settlement of all claims. All parties agree the settlement fairly and finally resolved the controversy and we respectfully request the court's approval and dismissal of the case.

    The parties recognize that under the Fair Labor Standards Act, 29 USC § 216(b) ("FLSA"), their settlement must be reviewed and approved by this Court. *See*, *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. Aug. 7, 2015).

> The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 USC §§ 206-07, without the supervision of the Secretary of Labor.  29 USC §216(c) (noting that a supervised settlement agreement

"shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. *See Manning v. New York Univ.*, 2001 WL 963982, *12-13 (SDNY 2001)(*citing D.A. Schulte, Inc., v. Gangi*, 328 US 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). *Simel v. JP Morgan Chase*, 2007 WL 809689 (S.D.N.Y. 2007). *See also Sampaio v. Boulder Rock Creek Developers, Inc.,* 2007 WL 5209390 (E.D.N.Y. 2007); *Medley v. Am. Cancer Soc.*, 2010 WL 3000028 (S.D.N.Y. 2010) (Jones, Barbara S.)(approving settlement); *Mendez v. Nooch, Inc.,* 2009 WL 666771 (S.D.N.Y. 2009) (Mag. Ellis, Ronald L.) (Individual action).

The parties have executed a written settlement agreement (the "Settlement Agreement"), a copy of which is annexed as Exhibit "A", and jointly ask the Court to approve their settlement and dismiss their claims with prejudice, retaining jurisdiction to enforce the terms of the settlement only in the unlikely event their settlement is not consummated as agreed.

### *Fairness of the Settlement*

This is an action for unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq*.

Plaintiff worked as a coat check attendant at a restaurant operated by Sparks. Plaintiff claims she was misclassified by Sparks as an independent contractor rather than an employee, did not receive required wage statements and was underpaid for certain weeks in which she earned less than minimum wage. Plaintiff worked for approximately six (6) months. Her hours varied but she worked significantly less during months when coats were not typically worn by customers (i.e., summer). Plaintiff never works more than forty (40) hours in any work week.

Sparks denies Plaintiff's allegations and maintains Plaintiff was properly classified as an independent contractor. She independently operated a coat room concession at its restaurant pursuant to a written Coat Room Concession Agreement dated December 1, 2017. Sparks was not Plaintiff's employer and maintained no service relationship with Plaintiff, other than as set forth in the Agreement. In operating the concession, Sparks maintains Plaintiff had no fixed schedule, was not required to report to anyone at Sparks, was free to engage in other employment and business activities, was not subject to Sparks' policies, was not supervised by Sparks and, pursuant to the Agreement, was required to pay a fee to operate the concession. Likewise, Plaintiff was entitled to retain all proceeds in connection with her operation of the concession.

**Settlement Value**

Plaintiff's initial settlement demand was $17,750, inclusive of all unpaid wages, liquidated damages, pre-judgment interest and attorneys' fees and costs, which represented the full value of her claims.

Following mediation, the parties continued to negotiate , and ultimately reached an agreement to resolve the case on terms which are satisfactory to all parties. The amount of the settlement is twelve thousand five hundred dollars ($12,500), payable in one installment, thirty (30) days after court's approval of the settlement. Under the settlement, Ms. Rada will receive $7,934, equaling the full amount of unpaid wages of the settlement amount she could have recovered at trial. Plaintiff's counsel will receive $4,566, which is one-third in addition to reimbursement of costs for filing the complaint.

The parties represent to the court that the settlement reached on behalf of Ms. Rada is fair and a reasonable resolution of a bona fide dispute... The parties disagreed on many issues that would affect Plaintiff's ability to recover against Sparks including, *inter alia*, whether she was an employee of the restaurant or an independent contractor. The settlement is reasonable in light of the considerable risk that Plaintiff would face in proceeding.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc*., 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The settlement is indeed a result of arms-length negotiations after contested litigation with respect to the parties' bona fide disputes over factual and legal merits.

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiff's counsel did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). Plaintiff's counsel has expended approximately thirty (30) hours of attorney time in the case, which settled during discovery but before conducting depositions.

The attorney time includes meeting with the plaintiff on multiple occasions prior to and after filing the complaint; drafting the lawsuit; multiple conferences with the defendants; conducting discovery; participating in good faith in the settlement negotiations; and reaching an agreement; and drafting / executing the written agreement, and seeking this court's approval.

Hon. Valerie Caproni, U.S.D.J.
July 24, 2019
Page 4

  Of the total settlement, counsel for plaintiff seeks one third (33%), in satisfaction of attorneys' fees and payment for out of pocket costs for filing the complaint. The retainer agreement with the plaintiff provides for one-third (1/3).

  For all of these reasons, we respectfully request that the court approve the settlement, and dismiss the action, with prejudice, retaining jurisdiction in the event of failure to tender the agreed upon consideration or other dispute arising from the settlement.

  The parties are available to the court for a further conference to address any questions the court may have, if required.

  On behalf of the parties we thank the court again for its consideration of this matter.

        Respectfully submitted,

        CILENTI & COOPER, PLLC

        By: *Peter H. Cooper*

        _____
        708 Third Avenue – 6th Floor
        New York, New York 10017
        Attorneys for Plaintiffs
        Tel. (212) 209-3933

        MICHELMAN & ROBINSON, LLP

        By: *Kathryn T. Lundy, Esq.*

        _____
        800 Third Avenue – 24th Floor
        New York, New York 10022
        Attorneys for Defendants
        Tel. (212) 730-7700